IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHERI WILLHITE, #2212424 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv25 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Petitioner Sheri Willhite filed the above-numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

On April 19, 2022, the Court ordered Petitioner to either pay the $5.00 filing fee or submit an *in forma pauperis* data sheet within fourteen days from receipt of the Order. (Dkt. #11). Petitioner filed a response (Dkt. #12), asserting that "[t]his is the 3rd time [she] [has] withdrawn from this Court"; that her case was "illegally transferred" from the Western District of Texas to this Court; and that "[t]his is the fourth request for this Court to withdraw from [her] case." Petitioner demands that "this entire Eastern Division stop harassing" her and that she be removed "from any further contact." (Dkt. #12, pp. 1, 2). Petitioner did not pay the $5.00 filing fee or submit an *in forma pauperis* data sheet along with her response. Thus, as of this date, Petitioner has failed to comply with the Court's Order. She has failed to prosecute her case. As of this date, Petitioner has failed to comply with the Court's Order. She has failed to prosecute her case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely in whether the court's discretion

1

was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff has failed to comply with the Court's order. Therefore, the case should be dismissed for failure to prosecute.

## RECOMMENDATION

It is recommended the § 2254 petition for habeas corpus be dismissed without prejudice. Fed. R. Civ. Proc. 41(b). Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 29th day of June, 2022.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE